JOSEPH A. VEGA and Another, Appellants, *v.* GEORGE B. FRENCH and Another, Respondents.

*Conveyance from a husband to his wife — evidence as to its being fraudulent as to creditors.*

A husband to whom his wife had loaned from time to time, for a period covering some thirteen years, various sums of money which, without interest, amounted to $6,817.33, gave a bill of sale to her of merchandise and book accounts of the estimated value of $7,507.91. She, however, failed to obtain certain of the merchandise therein mentioned of the value of $2,430.88. After taking possession of the property she constituted her husband her agent and attorney, and undertook to continue the business, while holding her husband's creditors at bay.

*Held,* that while such evidence would have justified the court in concluding that the bill of sale was made with intent to defraud the creditors of the husband, yet the evidence being equally consistent with the view that no such intent was entertained by the parties, the judgment of the court, that there was no fraud, should not be reversed.

APPEAL by the plaintiffs, Joseph A. Vega and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 19th day of May, 1893, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the plaintiffs' complaint on the merits.

*P. M. Brown,* for the appellants.

*John D. Quincy,* for the respondents.

PER CURIAM:

This action was brought by judgment creditors to have a bill of sale, executed by the husband, George B., to the wife, Ellen French, set aside upon the ground that it was made with intent to hinder, delay and defraud creditors. In addition, the plaintiffs sought to obtain a lien on certain real estate owned by the wife; but as no sufficient proof was offered to sustain any such lien, it appearing that the property was purchased by the wife with her own money, this question need not be further considered.

There is only left for our consideration the question of the validity of the bill of sale. The appellants concede that the wife, from time to time, covering a period of some thirteen years, loaned to her husband an amount which, without interest, was $6,817.33. The esti-

mate placed upon the property included in the bill of sale, consisting of tobacco and book accounts, was $7,507.91. So, that if the entire amount was realized by the wife, the value of the property turned over to her would exceed by $500 or $600 the principal amount claimed by her and interest thereon. It appears, however, that the plaintiffs refused to deliver, and retained, $1,200 worth of the tobacco which was included in the bill of sale; and this, together with twenty-four cases relinquished to another creditor, which were worth $1,230.88, also included in the bill of sale, would, assuming that the wife got the full value for the remaining property, leave the amount actually received by her much less than the amount of her claim, without interest.

There is much force in the argument that, notwithstanding the result showed that the wife got less than the amount due her (it appearing that the bill of sale provided that she should get some $500 or $600 more than was actually due her), coupled with the other facts appearing, that upon taking possession she constituted her husband her agent and attorney, and undertook to continue the business whilst holding the creditors at bay — such evidence would have justified the court in concluding that the bill of sale was made with intent to defraud the creditors. The evidence, however, is equally consistent with the view that no such intent was entertained by the parties; for, in addition to the showing that the consideration for the bill of sale was an honest indebtedness due from the husband to the wife, it would appear that the real intent was to pay the debt of the wife, and that out of the moneys which she might realize she was prepared, with the assistance of her husband, to continue the business with a view of realizing therefrom sufficient to pay her husband's creditors, thus negativing the idea that the purpose was to defraud. All that can be said is that upon the evidence a question of fact was presented, which has been found adversely to the plaintiffs; and such finding that there was no fraudulent intent having sufficient evidence to sustain it, and not being overborne by weight of evidence to the contrary, it is not the duty of this court to disturb it.

The judgment should be affirmed, with costs.

Present — O'BRIEN, FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.